**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JAMES R. CARTER,**

                                        **Petitioner,**

                    **v.**                                        **9:07-CV-185**
                                                                  **(FJS/GJD)**

**SUSAN CONNELL, Superintendent,**

                                        **Respondent.**
_____

**APPEARANCES**

**JAMES R. CARTER**
**91-B-1841**
Groveland Correctional Facility
7000 Sonyea Road
Sonyea, New York 14556
Petitioner *pro se*

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

        The Clerk of the Court has sent Petitioner Carter's amended petition for a writ of habeas

corpus, which he filed in accordance with this Court's April 3, 2007 Order, to the Court for its

review.  *See* Dkt. No. 4.

**II. BACKGROUND**

**A.        Original petition**

        In his original petition, Petitioner complained about a September 20, 1991 judgment

rendered in Broome County Court, wherein he pled guilty to one count of sodomy and one count

of promoting prison contraband.[1]  On September 26, 1991, the court sentenced Petitioner to eight

to twenty-four years' imprisonment on the sodomy charge and one to six years' imprisonment on

the promoting prison contraband charge.  *See* Dkt. No. 1.  At the time of the plea and sentencing,

counsel represented Petitioner.  Petitioner alleges that he accepted the plea agreement and

proposed sentence on the advice of counsel.

On February 23, 2007, this Court issued an Order directing Petitioner to file an amended

petition.  *See* Dkt. No. 2.  Thereafter, Petitioner filed a request to withdraw the petition and

indicated his intention to refile the petition pursuant to 28 U.S.C. § 2241.  *See* Dkt. No. 3.  By

Order dated April 3, 2007, the Court advised Petitioner of the ramifications of such action and

permitted him additional time in which to file an amended petition.  *See* Dkt. No. 4.  The Court

also advised Petitioner about the legal and factual issues he had to address if he were seeking

leave to rely upon "newly discovered evidence" as the basis for bringing a petition before this

Court.  *See id.*


**B.    Amended petition**

Petitioner filed his amended petition on April 24, 2007.  *See* Dkt. No. 6.  Petitioner also

filed a copy of a recent New York State Supreme Court, Appellate Division, Third Department,

---

[1] Petitioner was originally indicted on two counts of sodomy in the first degree, seven counts of sodomy in the second degree, two counts of sexual abuse in the first degree, one count of sexual abuse in the second degree, five counts of endangering the welfare of a child, and one count of conspiracy in the fifth degree.  He was arraigned on July 12, 1991, on these charges and consented to a pre-plea pre-sentence investigation report.  It was some time after this arraignment that Petitioner was charged with promoting prison contraband.  *See* Dkt. No. 6 at Exhibits at 30-31.

decision denying him permission to appeal his application brought pursuant to CPL § 440.[2] *See*

Dkt. No. 7.

In his amended petition, Petitioner alleges that he obtained new evidence when Broome

County Judge Martin E. Smith issued his September 30, 2005 decision on his CPL § 440 motion

to vacate his conviction.  That newly discovered evidence includes the fact that there were

meetings between Petitioner's defense counsel, the district attorney, and the assigned judge on

May 2 and 30, 1991, and on September 5, 1991, that the plea agreement was reached off the

record on September 5, 1991, and that a determination was made, after an exchange of

information between the District Attorney and defense counsel, that the State either was not

going to offer or simply could not prove that Petitioner's prior convictions would serve as a basis

for him to be treated as a second or repeat felony offender.  Petitioner also alleges that he was

unaware that the judge told defense counsel that, if the matter proceeded to trial on the multiple

counts in the indictment and Petitioner was convicted on multiple counts, the judge would

impose the maximum sentence permissible on each count, including a number of consecutive

sentences.  In his amended petition, Petitioner characterizes this communication of the judge's

intentions as the judge improperly forcing defense counsel to accept the first-time felony offender

sentencing arrangement.[3]

───────────────

[2] It appears that this decision is related to Petitioner's appeal from a December 2006 motion seeking vacature of Judge Martin E. Smith's September 30, 2005 decision.

[3] On May 2, 1991, prior to the matter being presented to the Grand Jury, in the presence of Hon. Patrick H. Matthews, an offer was made for a plea to one count of sodomy with an agreed minimum sentence of eight years imprisonment.  *See* Dkt. No. 6 at Exhibits at 30.  At that point in time, Petitioner had not yet been charged with promoting prison contraband.  On September 5, 1991, when the parties met with the assigned judge to address a plea agreement, the

(continued...)

In his amended petition, Petitioner raises the following grounds for relief: (1) his guilty pleas are unconstitutional, (2) the trial court subjected him to invidious discrimination, (3) he received ineffective assistance of counsel, (4) his convictions were obtained through violation of his due process rights, and (5) his judgments of conviction are null and void. *See* Dkt. No. 6.

### III. DISCUSSION

Section 2244(d)(1) of Title 28 of the United States Code provides that federal habeas petitions challenging a judgment of a state court are subject to a one-year statute of limitations. Specifically, § 2244(d) provides that

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

---

[3](...continued)
proposed sentence was eight to twenty-four years in exchange for a plea to one count of sodomy and one to six years on the prison contraband charge. *See id.* at 31.

diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Generally, a judgment of conviction becomes final under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "at the conclusion of the ninety days during which [the party] could have sought certiorari in the United States Supreme Court." *Hughes v. Irvin*, 967 F. Supp. 775, 778 (E.D.N.Y. 1997) (citing Rule 13 of Rules of the Supreme Court of the United States); *see also Allen v. Hardy*, 478 U.S. 255, 258 n.1 (1986) (noting that a decision becomes final "'where . . . the availability of appeal [is] exhausted, and the time for petition for certiorari ha[s] elapsed . . . .'" (quotation omitted)). Since Petitioner's conviction was final prior to April 24, 1996, the effective date of the AEDPA, he is afforded the benefit of a one-year grace period in which to file a habeas corpus petition. *See Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998). This one-year grace period expired on April 24, 1997. Consequently, the AEDPA's one-year limitation period bars Petitioner's petition.

However, Petitioner relies upon § 2244(d)(1)(D), which provides that a petitioner may seek habeas relief even after a conviction has been final for one year in cases where newly discovered evidence supports his claim. *See* 28 U.S.C. § 2244(d)(1)(D). In such cases, the one-year period begins to run from the date upon which the petitioner *could have* discovered the factual predicate through the exercise of due diligence. Although this section allows the time period to run anew upon the discovery of new evidence, it "'does not convey a statutory right to

-5-

an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim.'" *Lucidore v. New York State Div. of Parole*, No. 99 Civ. 2936, 1999 WL 566362, *5 (S.D.N.Y. Aug. 3, 1999) (quotation omitted).

A petitioner whose claim is based upon newly discovered evidence has the burden of showing that he could not have discovered such evidence earlier with due diligence. *See United States v. White*, 972 F.2d 16, 20 (2d Cir. 1992) (citations omitted); *United States v. Hedman*, 655 F.2d 813, 815 (7th Cir. 1981). "Newly discovered evidence is, by definition, incapable of discovery through counsel's due diligence before or during trial." *Hector v. Greiner*, No. 99 CV 7863, 2000 WL 1240010, *1 (E.D.N.Y. Aug. 29, 2000) (citing *United States v. Middlemiss*, 217 F.3d 112, 122 (2d Cir. 2000)). "Evidence in existence at an earlier date, though perhaps unknown to a petitioner, cannot later be described as newly discovered." *Id.* (citations omitted).

The Court notes that the evidence regarding the existence of Petitioner's prior convictions and the state's decision not to assert those prior convictions in the proceedings against Petitioner does not appear to be newly discovered evidence. At best, it is evidence newly available to Petitioner.[4] The same is true for the number of meetings his counsel may have had with the District Attorney in an effort to resolve the case short of trial. It is clear that Petitioner's counsel was aware of all the facts to which Petitioner now points to as new evidence and that Petitioner's counsel made a decision not to raise the issues related to Petitioner's prior out-of-state

---

[4] Petitioner did not provide the Court with the sentencing minutes. Thus, the Court has no way of knowing what was discussed on the record during the course of the plea or whether some of these same issues were raised on the record during the plea. Nevertheless, it is undisputed that Petitioner's counsel participated in all pre-plea discussions with the District Attorney and the court and was aware of Petitioner's prior convictions and that both sides made an informed choice not to raise these issues in the state-court proceedings leading to Petitioner's plea and conviction.

convictions in the state-court proceedings.

## IV. CONCLUSION

Accordingly, after reviewing Petitioner's submissions and the relevant law, and for the reasons stated herein, the Court hereby

**ORDERS** that Petitioner's petition for a writ of habeas corpus is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of his Order on Petitioner by regular mail.

**IT IS SO ORDERED.**

Dated: May 23, 2007
        Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge

-7-